OPINION of the Court, by
Ch. J. Bibb.
— Becfc-> with declared in assumpsit against Hubbard for goods, wares and merchandise, delivered to the defendant, and to others at his special instance and request. The defendant pleaded non assumpsit. Upon the trial, the plaintiff offered in evidence a stated account in favor of B. Beckwith, deceased, in which a balance was struck against Hubbard of £. 67 10s. 5d. and also an account due the plaintiff in his own right, (for which this action was brought,) added to the other balance, and summed up as “ balance due on both accounts, £. 137 12s. 1CW.” At the foot of these accounts, so summed together, Hubbard signed and sealed^, subscription in these words, and figures : “ I acknowledge the within account to be just and true as is stated, one hundred and thirty-seven pounds twelve shillings and ten pence, for value received ; as witness my hand, this 4th June, 1806 — —” To this evidence the defendant objected, and his objection being overruled by the court, he took a bill of exceptions. The verdict was for the plaintiff, and judgment *493 thereon ; to which Hubbard prosecutes this writ of' error.
The declaration is objected to because the merchandise is stated as sold and delivered to the defendant and to others .* but the objection is of no force. Goods delivered to others at the instance and request of Hubbard, would uphold an assumpsit in the same degree as if delivered to himself; the credit was given to him. It is not necessary to state in the declaration who. those. “ others” were, any more than to state the particular goods, wares and merchandise delivered.
The objection to the evidence ought to have been sustained. It was a specialty offered in support of a count or counts in assumpsit. The acknowledgment, under the seal of the party, that the accounts were just and true as stated, would have been proper evidence in. actions of debt brought respectively by the defendant in error and by the executor or administrator of B. Beckwith, dec’d. for the sums stated in the respective accounts. The omission to mention the seal, when in fact the seal is there, cannot reduce the instrument to a simple contract, any more than the naming a seal without affixing a seal, or a scrawl (according to the statute) could have made the instrument a specialty. The specialty, being annexed to the accounts and making reference to them, specifies the consideration and incorporates the accounts with the obligation ; but the reference to the accounts cannot prevent the simple contract from merging in the specialty. Suppose A. should acknowledge, under hand and seal, that the goods of B. according to a bill of particulars inserted, had been converted by A. to his own use, wherefor he ought justly to satisfy B. twenty pounds ; would any lawyer bring an action of trover and conversion on the instrument ? It is unpleasant to reverse a judgment because the plaintiff has brought case instead of debt, especially where, from the circumstances, the mistake might be deemed ■Venial. But, as judges, we must decide by the law, not make it; and we cannot break through the rules, and remove the land marks which for ages have discriminated the remedies by action, to get at that which, not looking through the medium of the law, might appear to be just* — —Judgment reversed.