The opinion of the Court was delivered by
Tilghman C. J.
This is a matter of considerable importance, and the Court has therefore held it some days under advisement. Whatever may be our private opinions on the subject of slavery, it is well known that our southern brethren would not have consented to become parties to a constitution under which the United States have enjoyed so much prosperity, unless their property in slaves had been secured. This constitution has been adopted by the free consent of the citizens of Pennsylvania, and it is the duty of every man, whatever may be his office or station, to give it a fair and candid construction. By the 2d sect, of the 4th art. it is provided, “ that no person held to service or labour in one state, under the laws thereof, escaping into another, shall, in consequence of any law or regulation therein, be discharged from such service or labour, but shall be deliveredup on claim of the party to whom such service or labour may be dueP Here is the principle : the fugitive is to be delivered up on claim of his master. But it required a law, to regúlate the manner in which'this principle should be reduced to practice. It was necessary to establish some mode in which the claim should be made, and the fugitive be delivered up. Accordingly it was enacted by the act of Congress “respecting fugitives from justice and persons escaping from the service of their masters,” sect. 5., that the person to whom the labour or service of the fugitive was due, his agent or attorney, should be empowered to arrest such fugitive, and carry him before any Judge of the Circuit or District Court of the United States residing or being within the state, or before any magistrate of a county, city, or town corporate, wherein such arrest should be made, and upon proof to the satisfaction of the said Judges or magistrate, either by oral testimony, or affidavit taken before and certified by a magistrate of the state or territory from which the said fugitive had fled, that the person so arrested, did, under the law of the said *64 state or territory from which he had fled, owe service or labour to the person claiming him, it should be the duty of the said Judge or magistrate, to give a certificate thereof to such claimant, -which should he sufficient -warrant for removal of a fugitive from labour, to the state or territory from -which he fled. It plainly appears from the whole scope ancj tenor 0f the constitution and act of Congress, that the fugitive was to be delivered up, on a summary proceeding, without the delay of a formal trial in a court of common law. But, if he had really a right to freedom, that right was not impaired by this proceeding; he was placed just in the situation in which he stood before he fled, and might prosecute his right in the state to which he belonged. Now in the present instance, the proceeding before Judge Armstrong, and the certificate granted by him, are in exact conformity to the act of Congress. That certificate therefore was a legal warrant to remove the plaintiff to the state of Maryland. But if this writ of homine replegiando is to issue from a state court, what is its effect, but to arrest the warrant of Judge Armstrong, and thus defeat the constitution and law of the United States Í The constitution and the law say, that the master may remove his slave by virtue of the Judge’s certificate : but the state court says, that he shall not remove him. It appears to us, that this is the plain state of the matter, and that the writ has been issued in violation of the constitution of the United States. We are, therefore, of opinion, that it should be quashed-.
Writ quashed.