Parker C. J.
delivered the opinion of a majority of the Court, in substance as follows. The first question is, whether the defendant was duly empowered as an agent, to reclaim the slave. We do not decide whether a scrawl is a seal, though probably it would not be so considered in this State.* [1] *19 But we think that a letter of attorney was not required, to communicate power to this agent. In general, a seal is not necessary, except to authorize the making of a sealed instrument. A common letter or a parol authority is sufficient for making many important contracts. The words of the statute are, 11 the person to whom such labor or service may be due, his agent, or attorney.” If a letter of attorney were required, the statute would have used the word attorney only ; but the word agent being also used serves to explain the intention of the legislature.
The question then is, whether Mason, having been duly appointed administrator under the laws of Virginia, had a right to come here himself and claim the slave ; for the claim by his agent was the same as if made by himself. It has been decided, that a foreign administrator cannot come here to collect a debt; and if it was necessary to pursue the slave in the character of administrator, the authorities are clear against the defendant. But by the statute of the United States the person to whom the service is due may reclaim, and by the laws of Virginia an administrator is such person. *20 Taking both together, Mason might come here to reclaim, and it was not necessary that he should come in the character of an administrator.
This brings the case to a single point, whether the statute of the United Slates giving power to seize a slave without a warrant is constitutional. It is difficult in a case like this, for persons who are not inhabitants of slaveholding States, to prevent prejudice from having too strong an effect on their minds. We must reflect, however, that the constitution was made with some Stales in which it would not occur to the mind, to inquire whether slaves were property. It was a very serious question, when they came to make the constitution, what should be done with their slaves. They might Lave kept aloof from the constitution. That instrument was a compromise. It was a compact by which all are bound. We are to consider then what was the intention of the constitution. The words of it were used out of delicacy, so as not to oil end some in the convention whose feelings were abhorrent to slavery ; but we there entered into an agreement that slaves should be considered as property. Slavery would still have continued if no constitution had been made.
The constitution does not prescribe the mode of reclaiming a slave, but leaves it to be determined by Congress. It is very clear, that it was not intended that application should be made to the executive authority of the State. It is said that the act which Congress has passed on this subject, is contrary to the amendment of the constitution, securing the people in their persons and property against seizures &c., without a complaint upon oath. But all the parts of the instrument are to be taken together. It is very obvious that slaves are not parties to the constitution, and the amendment has relation to the parties.
But it is said, that when a seizure is made, it should be made conformably to our laws. This does not follow from the constitution, and the act of Congress says that the person to whom the service is due may seize &c. Whether the statute is a harsh one, is not for us to determine. But it is objected, that a person may in this summary manner seize *21 a freeman. It may be so, but this would be attended witn mischievous consequences to the person making the seizure, and a habeas corpus would lie to obtain the release of the person seized. We do not perceive that the statute is unconstitutional, and we think that the defence is well made out.[1]

 A scrawl is a sufficient seal in the following States; — Pennsylvania, M'Dill v. M'Dill, 1 Dall. 63; — Ohio, 29 Ohio Laws, 349; — Illinois, Rev. Laws, 496; — Missouri, 1 Missouri Laws, 215; — South Carolina, Relph v. Gist, 4 M‘Cord, 267; see United. States v. Coffin, Bee, 140; — Maryland, Thrasher v. Everhart, 3 Gill and Johns. 234; —Kentucky, Hubbard v. Beckwith, 1 Bibb, 493; — Virginia, Jones & Temple v. Logwood, 1 Wash. (Virg.) R. 42; — North Carolina, Ingram v. Hall, 1 Hayw. 198; 3 Griffith’s Law Reg. 200; — Georgia, id. 433 ; — Mississippi, 4 Griff. Law Reg. 659 ; — Tennessee, id. 753; — Delaware, id. 1034; — Alabama, Lee v. Adkins, 1 Minor, 195.
A scrawl is most frequently employed for a seal in Louisiana. 4 Griff. Law Reg. 678.
In Virginia there must be evidence of an intention to substitute the scrawl for a seal. Austin v. Whitlock, 1 Munf. 487 See Buckner 1 Mackay, 2 *19 Leigh, 488; United States v. Coffin, Bee, 140. So in Alabama, Lee v. Adkins, 1 Minor, 187.
A scrawl is not a sufficient seal in the following States; — New York, Warren v. Lynch, 5 Johns. R. 239; — Rhode Island, 3 Griff. Law Reg. 96; — New Hampshire, Douglass v. Oldham, 6 N. H. R. 150; — Maine, 4 Griff. Law Reg. 983; — and New Jersey, Overseers of the Poor of Hopewell v. Overseers of the Poor of Amwell, 1 Halsted, 169; Perrine v. Cheeseman, 6 id. 174; except in this last State on instruments for the payment of money; in which case a scrawl is sufficient; 1 Rev. Laws of N. J. 305; Force v. Craig, 2 Halsted, 272. A scrawl is not a sufficient seal in Vermont; Beardsley v. Knight, 4 Vermont R. 479. So it would seem also in Indiana; Deming v. Bullitt, 1 Blackford’s Indiana Rep. 241.
A piece of paper annexed to an instrument by a wafer is held to be a sufficient seal in Massachusetts. Bradford v. Randall, 5 Pick. 496. So in Connecticut; 3 Griff. Law Reg. 63. See Montville v. Haughton, 7 Conn. R. 543.
A printed stamp is a sufficient seal to a bond in Virginia; Buckner v. Mackay, 2 Leigh, 488.
A ribbon drawn through horizontal slits opposite the name of the grantors, was held in Pennsylvania not to give an instrument the character of a deed. Duncan v. Duncan, 1 Watts, 322.
See Andrews v. Herriot, 4 Cowen, 508; 2 Bl. Com. 305; 4 Kent’s Com. (2nd ed.) 453, n. (a); Newbold v. Lamb, 2 Southard, 449.

 Glen v. Hodges, 5 Serg. & Rawle, 62 ; 3 Story on the Constitution, 676, 677, 678. The provisions of U. S. Laws, 2 Cong. 2 Sess. c. 7, § 3, do not extend to the case of a slave voluntarily qprried and left by his master under the protection of laws declaring him free. Butler v. Hopper, 1 Wash. C. C. R. 499; 3 Amer. Jurist, 404, 405; Rankin v. Lydia, 2 Marshall’s (Kentuck.) R. 471 ; David, v. Porter, 4 Harr. & M’Henry, 418. See also Commonwealth v. Cook, 1 Watts, 155; Commonwealth v. Robinson, 1 Watts, 158 ; Saul v. His Creditors, arguendo, 17 Martin’s (Louis.) R. 598.
When a foreign slave comes into this State, either as a fugitive or otherwise, he becomes ipso facto a freeman, discharged from the state of servi-° tude. Shaw C. J., In re Francisco, 9 Amer. Jurist, 490. See also Butler v. Hopper, 1 Wash. C. C. R. 499 ; Saul v. His Creditors, 17 Martin’s (Louis) R. 598 ; Story's Conflict of I ,aws, 92, 93.